## George H. Holeton v. Hannah M. Thayer et al.

1. EXECUTOR DE SON TORT—*Duty to Account, etc.*—Where a person named as executor in a will acts without qualifying, and receives proceeds of the sale of lands and rents, the burden is upon him to account for the same, and if he assumes to pay debts without having them probated against the estate, he assumes the burden of producing evidence that would be sufficient to prove such claims in the probate court in case of objection.

2. EQUITY — *Will Retain Jurisdiction When Acquired.*— Where a court of equity requires jurisdiction for any purpose it will retain it for every purpose, to the end that full and complete justice may be done between the parties, and an end put to litigation.

**Bill to Quiet Title**—Cross-bill. Trial in the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Decree for complainant; appeal by one of the defendants. Heard in this court at the May term, 1899. Affirmed in part, reversed in part and remanded. Opinion filed September 20, 1899. Rehearing denied November 28, 1899.

ADAMS & BLACKBURN, attorneys for appellant.

WILSON & BUCKINGHAM, attorneys for appellee J. W. Holeton.

DYER & WALLBRIDGE, attorneys for appellee Hannah M. Thayer.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

In the beginning this was a bill in equity filed by Hannah M. B. Thayer against appellant and others to quiet title to eighty acres of land rendered uncertain by the will of her grandfather, Francis H. Holeton, from whom she derived title, and to remove as a cloud upon such title the claim of appellant to the specific legacy of $1,000 named in the will. John W. Holeton and appellant, sons of Francis H. Holeton, being defendants to the bill of appellee Thayer, filed separate cross-bills, the former to remove a cloud upon the land devised to him by the will of the father for the same cause stated in Mrs. Thayer's bill, and the latter to enforce a lien claimed in his favor against lands devised by the will for the payment of the specific legacy of $1,000 given to him by the same will, and also for an accounting and distribution of certain money, the proceeds of lands directed to be sold under the terms of the will, and for rents of other lands. Upon the hearing the court decreed in favor of complainant in the original bill, John W. Holeton upon his cross-bill, and against George H. Holeton, from which the latter appeals to this court.

The will of Francis H. Holeton, deceased, was admitted to probate in Vermilion county July 2, 1888, by which he gave all his property, both real and personal, to his wife, Hannah S. Holeton, for her use while she might live, and at her death to his son John W. Holeton, and to his granddaughter, Hannah M. Brenn (now Thayer), eighty acres of land each, described in the will as being in Vermilion county, and to his son George H. Holeton, $1,000, provided that if there should not be that amount of money in hand arising from the sale of real estate or personal property, the balance should be equally divided and paid by John W. Holeton and Hannah M. Brenn; the will directed the home place to be sold and the proceeds applied on any indebtedness that he might owe, the balance, if considerable, to be loaned on real estate security, and appointed John W. Holeton, executor.

Hannah S. Holeton, the widow, died in 1897. John W. Holeton never qualified as executor. The parties, after the will was probated, made a written agreement concerning a distribution of the property, but it was never executed, and from the evidence apparently abandoned by all, and the will was thereafter relied and acted upon as the basis for such distribution and title. After this agreement the parties joined in a sale and deed of conveyance of the home place for $3,000, the money going into the hands of John W. Holeton, who paid a mortgage of $1,500 upon the lands of the estate and $1,000 to George H. Holeton, who in his cross-bill claimed that the money so paid him from the proceeds of such sale was in consideration of his joining in the deed of conveyance of the home place, and that it was not a payment of the specific legacy mentioned in the will, which, as he averred, was still due and unpaid, and for which he was entitled to a lien for its payment against the lands of John W. Holeton and Hannah M. B. Thayer. After an examination of the evidence we think it fully warranted and sustains the finding of the chancellor that the $1,000 paid to George H. Holeton, was received and accepted by him in payment of the legacy named in the

will of his father.   Had the executor qualified, or had an administrator with the will annexed been appointed, the home place could have been sold without George H. Holeton joining in the deed, and it is not reasonable to suppose it was agreed by others interested that he should receive $1,000, merely to avoid such appointment.   He had repeatedly declared in his letters that he wished to stand by the will, and there was no other basis upon which the $1,000 could be rightfully paid to him, unless the will was in some way disregarded, and that would have been against his expressed wish and the interest of others.   He got just what was willed to him, and we can not conceive he has any just ground of complaint in this respect, and it is our opinion the decree of the court in this regard is fully sustained by the evidence, and it was proper to free the lands from the shadow of such a claim.

Inasmuch as it is admitted that John W. Holeton received the $3,000, proceeds of the sale of the home place, the burden was upon him to account for the same.   The evidence does not in any satisfactory manner account for the $500 remaining in his hands after paying his brother George and the mortgage.   It is true he claims to have paid it out upon the indebtedness of the estate, but there is no evidence of other debts than the $1,500 mortgage.   If he assumed to pay debts without having them probated against the estate, he thereby assumed the burden of producing evidence that would be sufficient to prove such claims in the Probate Court in case of objection.

If he received rents and they were unexpended in his hands when the mother died, they also should be accounted for.   We are not satisfied with the decree upon the subject of the accounting for the balance of the proceeds of the sale of the home place, and the alleged rents of land while the mother was living.   We have no doubt the rule is, that where a court of equity acquires jurisdiction for any purpose, it will retain it for every purpose, to the end that full and complete justice may be done between the parties and an end put to the litigation.

The decree of the Circuit Court will be reversed so far as it relates to the balance of $500, proceeds of the sale of the home place, and in respect to the alleged rents, and the cause remanded to the Circuit Court with directions to give the parties leave, if they shall so desire, to retry the cause with respect to those parts of the decree hereby reversed, and the decree of the Circuit Court in all other respects will be affirmed, and the costs of this court equally divided between appellant and the appellee John W. Holeton.

Affirmed in part, reversed in part and remanded.