Frank Hinduliak, Plaintiff-Appellee, v. Inn of the Four Lakes, Inc., an Illinois Corporation, Aubrey J. Greenberg, et al., Defendants-Appellants.

Gen. No. 68-95.

Second District.

September 13, 1968.

Nadelhoffer, Hennessy and Dommermuth, of Naperville, for appellants.

Irving S. Friedman and Stiller and Strauss, of Chicago, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is a proceeding wherein the plaintiff sought to enjoin the defendants from interfering with or molesting him in the operation of the restaurant and bar business of the defendant, Inn of the Four Lakes, Inc. On motion of the plaintiff and before the service of summons, the court entered an order for such injunction. Prior to the signing of the order, the court refused to consider or allow a petition for change of venue as requested by one of the defendants. This appeal, from the order for the issuance of injunction, followed.

The defendants responded to the plaintiff's notice of motion for the issuance of temporary injunction and filed a special appearance "contesting the jurisdiction of the Court to hear the motion of the plaintiff before the summons is served on the defendants."

The notice indicated that the motion would be heard by Judge William L. Guild. Due to the magnitude of the motion call, Judge Guild assigned this motion to Judge Philip F. Locke.

The defendant, Fisher, who was present with counsel, requested him to file a petition for change of venue from Judge Locke, based on prejudice. Counsel called his office for the appropriate forms and directed that they be delivered to him at the courthouse.

The attorney for the plaintiff and the attorney for the defendants, then entered Judge Locke's courtroom. The plaintiff's attorney told Judge Locke that he had served notice of hearing, before Judge Guild, on motion for temporary injunction; that "counsel who is not yet of record, has indicated that he wanted to object to the assignment to you"; and that "he is filing a special appearance for the purpose of contesting the jurisdiction."

44

Counsel for the defendants informed the court that he did have a special appearance, but at the time of filing it he first wished leave to file his petition for change of venue which was being prepared in accordance with the statute. Counsel asked for a continuance of five minutes while he prepared the required petition and affidavit. The court refused this request and granted the defendants leave to file the special appearance only.

When the special appearance was filed, the court directed counsel for the defendants to proceed with it. He informed the court that he could not proceed with it since the law requires that a petition for change of venue be presented at the earliest possible moment; and that proceeding with the special appearance prior to filing a petition for change of venue, would, in his judgment, constitute a waiver of the right to a change of venue.

Counsel made repeated requests for a brief continuance to enable him to prepare proper application and affidavit for change of venue, all of which were cursorily refused. Thereupon, the defendant withdrew from the bench and waited in the hall for the forms for change of venue which were being sent to him. The court then asked the plaintiff to offer evidence on his motion. This was done and the court signed an order, written in longhand, for the issuance of temporary injunction without bond.

At the approximate time when the order for temporary injunction was being signed, counsel for the defendants presented to Judge Locke, an executed petition and affidavit for change of venue. Judge Locke refused to accept such petition. The petition was thereupon filed in the office of the clerk.

This appeal seeks the reversal of the order for the issuance of temporary injunction and the remandment of the cause with directions to grant the requested change of venue. The order for the issuance of an interlocutory injunction is an appealable order under Rule 307 of the Supreme Court (Ill Rev Stats c 110A, par 307).

The threshold question here presented is: whether, under the circumstances of this case, the court properly denied the defendant Fisher's request for a change of venue because a written petition supported by affidavit was not presently prepared and ready for filing, where the request was timely made, and counsel for the defendants indicated that he would immediately draft and present such petition and affidavit. The main issue is the propriety and validity of the injunction order.

 In considering the statute with reference to change of venue in civil cases, the court, in People v. Scott, 326 Ill 327, 157 NE 247 (1927), at page 341, stated:

> "The spirit of our laws demands that every case, whether a statutory proceeding or otherwise, shall be fairly and impartially tried, and no judge should think of presiding in a case in which his good faith in so doing is open to such serious question as that presented by this record. These provisions of the statute should receive a broad and liberal, rather than a technical and strict, construction, and should be construed so as not to defeat the right attempted to be attained therein."

In the light of this pronouncement, the defendants should have been granted a reasonable time within which to file a petition for change of venue, and such petition should have been granted if it complied with the requirements of the Venue Act.

 In the court below, counsel for the plaintiff echoed the pronouncements of the court with reference to the filing of a petition for change of venue on behalf of the defendants. On this appeal, the plaintiff asserts that the application for change of venue was properly denied in that only one of the four defendants alleged prejudice; and that section 9 of the Venue Act (Ill Rev Stats 1967, c 146, par 9) requires that where there are two or more defendants, an application for change of

venue must be made by or with the consent of at least three-fourths of the defendants. The record indicates that all of the defendants were represented by the same counsel. Defendant Fisher was the only defendant who attended the hearing. Consequently, he signed the petition for change of venue and its supporting affidavit. Had objection then been made to the petition on this basis, the defendants would have been afforded an opportunity to amend their petition in this respect. See: Cory Corp. v. Fitzgerald, 403 Ill 409, 86 NE2d 363 (1949).

[3–5] It is for this reason that reviewing courts have held that an issue not presented to, or considered by the trial court, cannot be raised for the first time on review. Woman's Athletic Club v. Hulman, 31 Ill2d 449, 454, 202 NE2d 528 (1964); Benson v. Isaacs, 22 Ill2d 606, 610, 177 NE2d 209 (1961); McMillen v. Rydbom, 56 Ill App2d 14, 28, 205 NE2d 813 (1965).

"The procedural aspects of due process and equal protection of the laws require that a person be given notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. . . .

"A fundamental requisite of procedural due process is that every man shall have the protection of his day in court and the benefit of an orderly proceeding according to the general law or established rules; and that the hearing shall not be arbitrary, but rather shall afford to him an opportunity to be heard in his defense and shall assure to him an inquiry on the issues of the case, wherein judgment is rendered only after trial. There must be an intrinsic fairness of procedure by which any judgment, order or decree is rendered. This is essential to the untainted administration of justice—the most cherished aspect of our judicial system."

Pettigrew v. National Accounts System, Inc., 67
Ill App2d 344, 350, 351, 213 NE2d 778 (1966).

■ Tested by these standards, the defendants were
not afforded procedural due process. The procedure fol-
lowed by the court was so lacking in principles basic to
our system of justice that it offends the system. Petti-
grew v. National Accounts System, Inc., supra.

[7] Where a petition for change of venue on the
ground of prejudice is presented in due time and in proper
form, the court is without power to render any further
order except in connection with the order allowing the
change of venue. In Agar Packing & Provision Corp. v.
United Packinghouse Workers of America, 311 Ill App
502, 36 NE2d 750 (1941), at page 508, the court stated:

> "The very filing of the petition for change of venue
> challenged the fairness of the chancellor to pass upon
> the motion for a temporary injunction. The courts
> hold that a change of venue is not a matter of
> practice, but a substantial right of a litigant. (With-
> erstine v. Snyder, 231 Ill App 251; Mockler v. David
> F. Thomas & Co., 273 Ill App 121.) To allow the
> chancellor to pass upon the motion for a temporary
> injunction after the petition for a change of venue
> had been presented, would nullify the intent and
> purpose of the venue act.
>
> "The order of the circuit court granting the tempo-
> rary injunction is reversed."

In view of our conclusions, we do not reach the main
issue of this appeal. Consequently, the order for the is-
suance of a temporary injunction is reversed and the
cause is remanded to the Circuit Court of the 18th Judicial
Circuit with directions to transfer the cause to another

judge of the circuit for hearing on the petition for change of venue.

Reversed and remanded with directions.

ABRAHAMSON, P. J. and SEIDENFELD, J., concur.