GEORGE SPANBERGER, Plaintiff-Appellee, *v.* XAMNAN TULYASATHIEN, M.D., Defendant-Appellant.

Fifth District   No. 78-230

Opinion filed September 24, 1979.

Robert W. Schmieder, of Wagner, Bertrand, Bauman & Schmieder, of Belleville, for appellant.

Morris B. Chapman and Paul H. Lauber, both of Chapman, Chapman & Carlson, of Granite City, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

This is an appeal by the defendant, Dr. Xamnan Tulyasathien, from a judgment entered against him in the Circuit Court of Madison County

after a jury trial of the plaintiff's action for alleged medical malpractice. Numerous alleged errors are raised. The issue which we find dispositive is the contention that the trial court abused its discretion in denying the defendant's motion for change of venue.

This cause had originally been assigned to Judge Mosele; upon his being named chief judge, the case was reassigned to Judge Harrison. Within a week of the reassignment, counsel for the defendant filed a motion for change of venue, alleging that Judge Harrison had previously been associated with the plaintiff's law firm, and that defense counsel felt that Judge Harrison would be prejudiced against him. The motion, which was not verified, was signed by defense counsel. Judge Harrison entered an order denying the motion. A subsequent motion to reconsider, also signed by defense counsel and also not verified, added the allegation that while Judge Harrison was in the private practice of law, he had referred personal injury litigation to the plaintiff's law firm. This motion was also denied. Although neither of the two orders stated a reason for denial of the two motions, both parties assume on appeal that the reason was the absence of a supporting affidavit.

The defendant contends that the denial of these motions, despite their admitted failure to comply with the formal requirements of the Venue Act (Ill. Rev. Stat. 1977, ch. 110, par. 501 *et seq.*), was an abuse of judicial discretion. The plaintiff responds that the fact that the motions were not verified by affidavit rendered them fatally defective.

Section 1 of the Venue Act (Ill. Rev. Stat. 1977, ch. 110, par. 501) provides in pertinent part that:

> "A change of venue in any civil action may be had in the following situations:
>
> * * *
>
> (2) Where any party or his attorney fears that he will not receive a fair trial in the court in which the action is pending, because * * * the judge is prejudiced against him, or his attorney * * *. In any such situation the venue shall not be changed except upon application, as provided in this Act, or by consent of the parties."

Section 3 of the Act (Ill. Rev. Stat. 1977, ch. 110, par. 503) provides in pertinent part that:

> "Every application for a change of venue by a party or his attorney shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. * * *"

■■■ A long line of cases has settled certain principles involving petitions for change of venue alleging judicial prejudice. Where such a petition is timely, in proper form, and in compliance with the statute, the right to a

change of venue is absolute; the trial judge has no discretion as to whether or not to grant the change, and cannot inquire as to the truthfulness of the allegations of prejudice. The statute's provisions are to be liberally construed in order to effect rather than defeat this substantial right. Such a petition need not specify the basis of the charge of prejudice; a general allegation of prejudice is sufficient. See *e.g., Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 311 N.E.2d 673, and cases cited therein.

■■■ Where a change of venue is sought on the ground of prejudice of a judge, the rule that the judge cannot inquire as to the truthfulness of the allegations has led to the corollary that counteraffidavits alleging that the judge is not prejudiced are not permissible. (*Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 323 N.E.2d 129, 130 n. 1, and authorities cited therein.) Either a party or his attorney may apply for a change of venue, on the ground that the judge is prejudiced against either the party or the attorney. (*Little v. Newell* (1973), 14 Ill. App. 3d 564, 302 N.E.2d 739.) Slight irregularities in a petition cannot defeat the applicant's absolute right to a change of venue, where the meaning and intent of the petition are unmistakable. *Johnson v. United Motor Coach Co.* (1966), 66 Ill. App. 2d 295, 214 N.E.2d 326.

Conceding that the courts have repeatedly expressed the rule that the provisions of the Venue Act are to be liberally construed, the plaintiff insists that an affidavit is essential and that an unverified petition is fatally defective, citing *Vinson v. Roscoe* (1971), 133 Ill. App. 2d 73, 272 N.E.2d 818, and *Theobald v. Chicago, Milwaukee & St. Paul Ry. Co.* (1897), 75 Ill. App. 208. Thus, the plaintiff contends the unverified motions here were properly denied.

In the *Vinson* case, an attorney presented a motion for change of venue signed by him, reciting that he believed that neither he nor his client could get a fair trial from the trial judge. Denial of the motion was affirmed by the appellate court for the First District, relying on *Theobald*, on the ground that the petition was not supported by affidavit. In *Theobald*, the court held that the statutory requirement that such petitions be verified by the affidavit of the applicant had not been complied with where the petition stated that the petitioner "represents" certain facts to the court, but contained no allegation that the things represented were true, and was signed over the jurat of a notary public.

The defendant argues that even if the form of the motion did not comply with the statute, the motions still required the trial court to exercise its discretion, and that denial of the motions was an abuse of discretion under the circumstances.

Insofar as the *Theobald* case was decided on the basis of the form of the oath therein, we doubt that it currently states the law. (See *People v.*

*Audi* (1979), 73 Ill. App. 3d 568, 570, 392 N.E.2d 248, 249-50: "As liability for falsehood may arise regardless of the wording of an oath, distinction among the types of oaths is not crucial."

Nor can we ascertain any purpose to the requirement that, where an attorney alleges that a judge is prejudiced against him, his application for change of venue need be supported by affidavit. An affidavit is simply a declaration, on oath, in writing, sworn to before some person who has authority under the law to administer oaths. (*People v. Smith* (1974), 22 Ill. App. 3d 377, 380, 317 N.E.2d 300, 302, citing 2 Ill. L. & Prac. *Affidavits* §2, at 648 (1953).) In this context, there could certainly be no question that the purpose is to support a possible prosecution for perjury, as such a motion requires only general allegations of prejudice which cannot be controverted and the truth of which cannot be inquired into by the court. ■■ Under the circumstances of the instant case, where the fairness of the trial judge had been brought into question, we think that the judge should have stated whatever reasons he had for denying the motion for change of venue. If the reason was the fact that the motion was not verified, then the defendant should have been afforded an opportunity to amend his motion in this respect within a reasonable time. (*Cf. Hinduliak v. Inn of the Four Lakes, Inc.* (1968), 98 Ill. App. 2d 42, 240 N.E.2d 532.) We therefore decline to follow *Vinson v. Roscoe* and hold that it was an abuse of judicial discretion for the court to deny the motion without a statement of the reasons therefor and without giving the moving party an opportunity to amend the motion to comply with the formal requirements of the statute.

■■ Because any rulings of a court after the erroneous denial of a change of venue are void (*Johnson v. Johnson* (1975), 34 Ill. App. 3d 356, 340 N.E.2d 68), we need not reach the other issues raised by the defendant. We trust that the excesses of counsel in remarks to the jury shall not recur on retrial.

For the foregoing reasons, the judgment of the Circuit Court of Madison County is reversed, and this cause is remanded to that court for a new trial.

Reversed and remanded.

KARNS and KASSERMAN, JJ., concur.