CYNTHIA PALMISANO, Plaintiff-Appellant, v. JACK CONNELL, Ex'r of the Estate of Ellen C. Hannon, Defendant-Appellee.

Second District   No. 2—88—0393

Opinion filed February 24, 1989.—Rehearing denied April 3, 1989.

Benedict Schwarz II, of Schwarz & Golden, Ltd., of West Dundee, for appellant.

John J. O'Connor, of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Cynthia Palmisano, appeals from an order which dismissed her contract action for unpaid medical bills against defendant, Jack Connell, as executor of the estate of Ellen Hannon. Plaintiff raises three issues for review: (1) whether her petition for change of venue sufficiently alleged that the trial judge was prejudiced against her or her attorney; (2) whether the trial court erred by granting defendant's motion to dismiss; and (3) whether the trial court abused its discretion in awarding attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611).

On July 13, 1987, plaintiff filed a small claims complaint which alleged that defendant, as executor of Hannon's estate, owed her $976.85 for medical services rendered to Hannon. Pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), defendant filed a motion to dismiss plaintiff's complaint which alleged that he was neither the executor nor administrator of Hannon's estate and therefore not liable for its debts.

In plaintiff's reply to defendant's section 2—619 motion, she alleged that on April 30, 1987, Medicare advised her attorney and husband, Michael Palmisano, that Hannon's claim had been processed and a check was issued to Hannon's estate. On that same day, Michael wrote a letter to Carolyn Connell, Hannon's daughter, which stated that the balance due on Hannon's medical bill was $1,841.37. Plaintiff's reply further alleged that on May 9, 1987, Michael telephoned Carolyn to inquire about payment of Hannon's medical bill. Carolyn told Michael that her husband, defendant, was taking care of processing the bills for Hannon. Subsequent to that telephone conversation, plaintiff received three checks from Hannon's estate which reduced the balance due on plaintiff's bill to $976.85. Each check which plaintiff received was endorsed as follows: "Pay to the Order of Cynthia Palmisano, M.D., Estate of Ellen C. Hannon by John Connell [defendant]."

Plaintiff asserted that defendant was liable for Hannon's medical

bills under the theory that he was a *"de facto"* administrator or that he was acting as an agent with apparent authority. The copy of the reply in the record on appeal was neither signed nor verified by plaintiff or her attorney. In his response to plaintiff's reply, defendant asserted that because he was not appointed executor or administrator of Hannon's estate, he could not be sued as a representative of the estate.

On October 20, 1987, plaintiff presented a petition for change of venue pursuant to section 2—1001(a)(2) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(a)(2)). The trial court denied plaintiff's petition for change of venue and granted defendant's motion to dismiss plaintiff's complaint. The trial court gave defendant leave to file a motion for attorney fees pursuant to section 2—611 and costs pursuant to section 5—118 of the Code (Ill. Rev. Stat. 1987, ch. 110, pars. 2—611, 5—118), which defendant filed on October 29.

On November 18, 1987, plaintiff filed a motion to vacate the trial court's October 20 order. Plaintiff's motion to vacate challenged only that part of the trial court's order which denied her motion for change of venue. In denying plaintiff's motion to vacate, the trial court stated that plaintiff's petition for change of venue failed to comply with the requirements of section 2—1001 because it failed to allege prejudice.

On January 14, 1988, plaintiff filed several motions. Plaintiff filed her second petition for change of venue which alleged that the trial judge had engaged in a pattern of prejudice against her and her attorney. Plaintiff filed a motion to vacate the dismissal of her complaint which incorporated by reference the arguments presented in her response to defendant's section 2—611 motion. In plaintiff's response to defendant's section 2—611 motion, she alleged that her attorney made a reasonable inquiry as to who was responsible for administering Hannon's estate. Plaintiff further alleged that her theories of recovery were warranted by a good-faith argument for the extension or modification of existing law. At this point, plaintiff raised a third theory of liability in support of her cause of action called *"executor de son tort."* Under that theory, plaintiff asserted that defendant could be held liable for any unauthorized intermeddling in Hannon's estate. Plaintiff also filed her own motion for attorney fees pursuant to section 2—611.

On February 2, 1988, the trial court denied plaintiff's January 14 motions. The trial court then conducted an evidentiary hearing on defendant's section 2—611 motion for attorney fees. The trial court granted defendant's section 2—611 motion and assessed attorney fees

and costs against plaintiff in the amount of $1,296.10.

On March 2, 1988, plaintiff filed her third motion for change of venue and a motion to vacate the trial court's February 2 order. In her motion to vacate, plaintiff sought reversal of the court's imposition of attorney fees pursuant to section 2—611. Plaintiff alleged that her attorney was not under a duty to inquire with the clerk of the probate court as to whether letters of administration had been issued or whether Hannon's will had been probated. Plaintiff averred that her March 2 motion to vacate was her first and only post-judgment motion pursuant to section 2—1203 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203).

On March 16, 1988, after conducting a hearing on plaintiff's March 2 motions, those motions were denied. On April 15, 1988, defendant filed a notice of appeal from the trial court's March 16 order. There is one other noteworthy fact in this case. The record is silent as to whether Hannon had a will, whether Hannon's will was probated and whether someone was appointed as administrator or executor of Hannon's estate.

■ Before addressing the merits of this case, we must first discuss whether plaintiff has properly invoked our appellate jurisdiction. Defendant contends that plaintiff has failed to file her notice of appeal within 30 days after the entry of the order disposing of plaintiff's last pending post-trial motion. (See 107 Ill. 2d R. 303(a).) On October 20, 1987, the trial court dismissed plaintiff's complaint, and on November 18, 1987, plaintiff filed a motion to vacate the October 20 order. Plaintiff's motion to vacate was denied on November 30, 1987. Defendant asserts that although plaintiff filed numerous other motions, the November 30 judgment disposed of plaintiff's initial claim and commenced the 30-day period for filing an appeal.

Plaintiff contends that the trial court had not entered a final judgment until it disposed of defendant's section 2—611 motion for attorney fees. On March 16, 1988, the trial court denied plaintiff's motion to vacate the imposition of attorney fees, and on April 15, 1988, plaintiff filed a notice of appeal from the March 16 order. Plaintiff concludes that she therefore filed a timely notice of appeal from the March 16 order. Consequently, the jurisdictional issue raised by this appeal is whether the November 30 order denying plaintiff's post-trial motion to vacate was a final, appealable order from which plaintiff had 30 days to file a notice of appeal.

Supreme Court Rule 303(a)(1) states:

"Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30

days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-trial motion." 107 Ill. 2d R. 303(a)(1).

In *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 452 N.E.2d 372, the court dismissed an appeal from an order granting a motion to dismiss an amended complaint because a request for sanctions pursuant to section 2—611 which was made in the motion to dismiss was pending at the time the notice of appeal was filed. The court stated that in the absence of a finding pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal from the order, it was not appealable because it did not dispose of all pending claims. *Hise*, 116 Ill. App. 3d at 684, 452 N.E.2d at 374-75.

The court stated further in *Hise* that a section 2—611 claim could be brought as a separate action any time within 30 days of judgment. (116 Ill. App. 3d at 684, 452 N.E.2d at 375.) If this were done, the failure of the trial court to rule on the section 2—611 claim would not prevent a ruling disposing of the initial claim from being immediately appealable in the absence of a Rule 304(a) finding. (116 Ill. App. 3d at 684, 452 N.E.2d at 375.) Since defendant's section 2—611 claim was brought in a responsive pleading, the claim remained a part of the initial action. (116 Ill. App. 3d at 684, 452 N.E.2d at 375.) In *Withall v. Capital Federal Savings* (1987), 164 Ill. App. 3d 851, 518 N.E.2d 328, the court agreed with the holding in *Hise* that section 2—611 claims could be brought as separate actions and would not affect the appealability of the initial claim under such circumstances. *Withall*, 164 Ill. App. 3d at 854-55, 518 N.E.2d at 330-31.

The recent amendments to section 2—611 (see Pub. Act 84—1431, art. 2, §1, eff. November 25, 1986), were not applicable to the claims brought in *Hise* and *Withall*. The amended statute is applicable to the case at bar, however, since the complaint was filed on July 13, 1987. The following language was added to section 2—611 in the recent amendments:

"All proceedings under this Section shall be within, and part of the civil action in which the pleading, motion or other paper referred to herein has been filed, and no violation or alleged violation of this Section shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question, and by, on behalf of or against any attorney

or insurance company involved in the civil action in question." Ill. Rev. Stat. 1987, ch. 110, par. 2—611.

It is clear from the above language that section 2—611 claims must now be considered part of the civil action which gave rise to the claim and cannot be considered separate actions. (See *Herman v. Fitzgerald* (1989), 178 Ill. App. 3d 865, 869.) In *Herman*, we held that since section 2—611 motions must be brought within the underlying civil action, they must be filed within 30 days of judgment in the underlying action. *Herman*, 178 Ill. App. 3d at 869.

In *People v. King* (1988), 170 Ill. App. 3d 409, 524 N.E.2d 723, a case in which the State filed a section 2—611 claim within 30 days of the denial of defendant's petition pursuant to section 2—1401 of the Code to rescind a statutory summary suspension, the court cited *Hise* in support of its conclusion that the section 2—611 claim was a separate action. (*King*, 170 Ill. App. 3d at 417, 524 N.E.2d at 728.) Although the recent amendments to section 2—611 were applicable to the State's claim, the court in *King* failed to consider the effect of those amendments. We decline to follow *King* because it is clear from the recent amendments to section 2—611 that claims under that provision must be brought as part of the underlying action and cannot be brought as separate actions. Accordingly, we conclude that if a section 2—611 claim is timely filed, no appeal may be taken from the underlying judgment absent a Rule 304(a) finding until the section 2—611 claim is resolved. In the present case, since plaintiff filed her notice of appeal within 30 days of the denial of her post-trial motion attacking the section 2—611 judgment, we have jurisdiction to consider the underlying judgment and the other orders from which defendant appeals.

Plaintiff's first petition for a change of venue, which sought a substitution of judges, was filed before the trial judge made any substantive rulings in the case. The trial judge denied the petition on the basis that it failed to allege proper grounds. Plaintiff argues, although the word prejudice does not appear in the petition, that it does in fact allege prejudice against her on the part of the trial judge, which is a ground for change of venue under section 2—1001(a)(2) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1001(a)(2)).

■ If a petition for change of venue on the basis of the trial judge's prejudice is made, verified, and filed in accordance with the statutory requirements before any substantive ruling is made, only general allegations of prejudice are necessary and the petitioner has an absolute right to a substitution of judges. (*In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 95-96, 507 N.E.2d 912, 919.) Plaintiff ar-

gues that the following statements from her petition were sufficient allegations of prejudice:

"The Courts [sic] allowance of Defendant's 2—619 Motion to Dismiss places an unconscionable burden upon Plaintiff's right to due process. This Motion has created delay, complicated the process to trial and created an economic burden upon Plaintiff's right to due process that far exceeds the total value of her claim. We believe the trial judge's allowance of this Motion shows an insensitivity to the burdens placed upon Plaintiff's right to due process of small claims and therefore respectfully request re-assignment of this case to another judge.

* * *

The decision of the trial judge to require Plaintiff to answer Defendant's motion and the order to have a separate hearing on this motion appears to show an abuse of the trial judge's discretion in favor of the Defendant so that Plaintiff must respectfully request re-assignment of this case to another judge."

When plaintiff's attorney spoke of "the allowance of this Motion," he apparently meant the decision of the trial court to grant leave to file the motion, since the motion had not yet been granted. Leave to file a motion is necessary in small claims cases. 113 Ill. 2d R. 287(b).

■ We do not interpret the above passages from plaintiff's initial petition for change of venue as allegations of prejudice. Instead, they are merely allegations that the trial court made erroneous rulings and reasons why plaintiff believed the rulings to be erroneous. The fact that a judge's mind is closed on a point of law is not considered personal prejudice for purposes of a petition for change of venue. (*In re Estate of Roselli* (1979), 70 Ill. App. 3d 116, 122, 388 N.E.2d 87, 92.) Similarly, we do not believe the allegation that the judge made erroneous rulings against a party to be an allegation of personal prejudice.

■ Plaintiff contends that even if she failed to allege prejudice on the part of the trial judge, she should have been permitted to amend her petition in order to make the necessary allegation. Plaintiff relies upon *Spanberger v. Tulyasathien* (1979), 76 Ill. App. 3d 867, 395 N.E.2d 689, which is distinguishable from the instant case.

In *Spanberger*, the petition for change of venue contained sufficient allegations of prejudice but was not verified. The court stated that under the circumstances of the case, when the fairness of the trial judge had been called into question, the trial court should have stated the reason for denying the petition and should have permitted defendant to amend the petition if it was denied for lack of verification. (*Spanberger*, 76 Ill. App. 3d at 870, 385 N.E.2d at 691.) Here,

however, since plaintiff made no allegations of prejudice in her original petition for change of venue, the fairness of the trial court had not been called into question at the time. The trial court's denial of the petition for change of venue was therefore proper.

■ In her notice of appeal, plaintiff states that she is appealing from the denial of all three of her petitions for change of venue. Plaintiff makes no arguments in her brief relating to the denial of her second or third petitions, however. She has therefore waived consideration of the denial of these petitions on appeal. 113 Ill. 2d R. 341(e)(7).

Plaintiff next argues that the trial court erred by granting defendant's motion to dismiss, which was made pursuant to section 2—619 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). Plaintiff's complaint alleged only that defendant was the executor of the estate of Ellen Hannon and that an account stated existed between plaintiff and the estate in the amount of $976.88 for medical services rendered to the decedent. Defendant's motion to dismiss alleged that defendant had not been appointed executor or administrator of the Hannon estate and was supported by his affidavit to that effect.

In her response to the motion to dismiss, plaintiff stated that she had received three Blue Cross/Blue Shield checks in the mail, each of which was made out to either Ellen Hannon or her estate. The three checks were endorsed by defendant on behalf of the estate and purported copies of the checks were attached to the response. The copy of the response in the record on appeal is not signed or verified and is not supported by any affidavits.

■ Defendant's motion was made pursuant to section 2—619(a)(9) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(9)), which involves motions to dismiss which raise affirmative matter avoiding the legal effect of or defeating the claim. Where, as here, such a motion refutes a conclusion of material fact unsupported by specific facts contained in or inferred from the complaint, it amounts to essentially a summary judgment procedure. (*Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050, 1056, 473 N.E.2d 444, 448.) If a critical issue of material fact is refuted by affirmative matter, a motion made pursuant to section 2—619(a)(9) may be granted. *Ralston*, 129 Ill. App. 3d at 1056, 473 N.E.2d at 449.

Defendant asserts that the trial court properly granted his motion to dismiss because his affidavit refuted the crucial allegation that he was executor of the Hannon estate. Plaintiff contends that the facts set forth in her response to the motion establish defendant's potential liability under the theory of executor *de son tort*. Even if those facts

had been supported by affidavit, however, they would not form the basis of recovery under the aforementioned theory.

██ An executor *de son tort* is an individual who wrongfully intermeddles with a decedent's estate and who, without any authority, performs acts that may only be performed by an executor or administrator. (*In re Estate of Crowder* (1979), 75 Ill. 2d 197, 204, 387 N.E.2d 665, 668.) By performing such acts, the executor *de son tort* becomes a sort of quasi-executor, although only for the purpose of being sued or held liable for any assets with which he has intermeddled. *Estate of Crowder*, 75 Ill. 2d at 204, 387 N.E.2d at 668.

Assuming, *arguendo*, that defendant is an executor *de son tort*, he can only be held liable for any assets with which he has intermeddled. Thus, if defendant assumed the task of paying estate debts out of estate assets, he would also assume the burden of producing evidence that any such claims were valid and would be compelled to reimburse the estate if he failed to meet this burden. (See *Holeton v. Thayer* (1899), 89 Ill. App. 184, 187.) Thus, the purpose of the theory of executor *de son tort* is to protect the estate by requiring those who wrongfully interfere with its assets and cause losses to reimburse the estate for those losses.

Plaintiff does not allege in her brief or in her response to the motion to dismiss that defendant's interference with estate assets resulted in any losses to the estate. Since the only interference with estate assets mentioned in the response was the payment of bills to plaintiff, she would hardly be expected to argue that the payment of these bills harmed the estate because they were not valid. Instead, plaintiff argues, in effect, that defendant's act of paying some estate bills creates a continuing duty on his part to pay other estate bills.

██ Under *Crowder*, it is clear that defendant would not have a duty to pay other estate bills out of his own assets, since an executor *de son tort* can only be held liable for those assets with which he has intermeddled. (75 Ill. 2d at 204, 387 N.E.2d at 668.) It would make little sense to compel defendant to continue paying estate obligations with estate assets since this would perpetuate his alleged wrongful interference with the estate. The purpose of the theory of executor *de son tort* is to protect against wrongful interference with the estate, not to compel its continuance. Accordingly, this theory does not provide any basis for recovery. Since defendant's affidavit established that he was not the executor or administrator of Ellen Hannon's estate, he could not be held liable for estate debts, and the motion was properly granted.

Plaintiff's final contention is that the trial court abused its discre-

tion by awarding defendant $1,296.10 in costs and attorney fees as a sanction pursuant to section 2—611 of the Code. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) The trial court held an evidentiary hearing on February 2, 1988, on the motion. There is no transcript from this hearing in the record on appeal. Defendant filed a report of proceedings pursuant to Supreme Court Rule 323(c) (107 Ill. 2d R. 323(c)) which was certified by the trial judge. The report of proceedings mentions the hearing on defendant's section 2—611 motion and states that defendant presented evidence at the hearing but contains no summary of the evidence. The record on appeal is therefore incomplete with regard to the issue of whether the imposition of section 2—611 sanctions was proper.

■ As the appellant, plaintiff has the burden of presenting a sufficiently complete record of the proceedings in the trial court to support her claim of error. (*Pecora Oil Co. v. Johnson* (1987), 156 Ill. App. 3d 521, 523, 509 N.E.2d 495, 497.) We must presume in the absence of such a record that the trial court's ruling was in conformity with the law and had a sufficient factual basis. (*Pecora Oil Co.*, 156 Ill. App. 3d at 523, 509 N.E.2d at 497.) Any doubts resulting from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959.

■ In the instant case, it is quite possible that the trial court relied in whole or in part upon evidence presented at the February 2, 1985, hearing when it granted defendant's section 2—611 motion. Since the record on appeal does not indicate what evidence was presented at this hearing, we must presume that the trial court's ruling on the motion was in conformity with the law and had a sufficient factual basis. While it may seem unfair to penalize plaintiff because of the inadequacy of defendant's report of proceedings, we must point out that defendant, as appellee, had no obligation to file a report of proceedings or to ensure the completeness of the record on appeal. These burdens belonged to plaintiff, who could have filed her own report of proceedings or amendments to defendant's report. Since the record is inadequate for review of the trial court's ruling on defendant's section 2—611 motion, we affirm that ruling.

For the reasons stated herein, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT, P.J., and INGLIS, J., concur.