THE COPLEY PRESS, INC., Plaintiff-Appellee, v. THE CITY OF SPRINGFIELD, Defendant-Appellant.

Fourth District   No. 4—85—0629

Opinion filed May 13, 1986.—Rehearing denied June 12, 1986.

Robert M. Rogers, Assistant Corporation Counsel, of Springfield, for appellant.

Barber, Segatto, Hoffee, Hines & Edwards, of Springfield (Barry O. Hines, R. Kurt Wilke, and Bernard G. Segatto III, of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

On May 24, 1985, plaintiff, the Copley Press, Inc., filed suit in the circuit court of Sangamon County alleging that defendant, city of Springfield, had refused to permit Bob Mahlburg, a reporter for the State Journal Register which plaintiff publishes, access to public records to which plaintiff was entitled pursuant to the terms of the Freedom of Information Act (FOIA) (Ill. Rev. Stat., 1984 Supp., ch. 116, par. 201 *et seq.*). Plaintiff sought (1) declaratory relief as to its rights in the matter; (2) injunctive relief prohibiting defendant from interfering with its access to the records and mandating defendant to produce the records sought; and (3) attorney fees. Defendant answered admitting most of the basic factual allegations of the complaint but denying those which were more conclusory.

Defendant filed a motion for summary judgment, and plaintiff filed a motion for judgment on the pleadings. On August 15, 1985, the court denied defendant's motion for summary judgment and allowed plaintiff's motion for judgment on the pleadings, mandating disclosure by defendant to plaintiff of the information requested by August 25, 1985. The court directed that its judgment be stayed should defendant "indicate an intention to appeal" the decision. On September 13, 1985, defendant filed a notice of appeal. We reverse and remand for further proceedings.

Plaintiff's motion for judgment on the pleadings was made pursuant to section 2—615(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615(e)). Such a motion may be allowed when the facts admitted by the pleadings entitle the movant to judgment. *Oak Park National Bank v. Peoples Gas Light & Coke Co.* (1964), 46 Ill. App. 2d 385, 197 N.E.2d 73.

Here, the following facts were alleged and admitted by the pleadings and supporting documents: (1) On April 19, 1985, Mahlburg requested from defendant "any statements, letters or reports submitted [to defendant by the sheriff of Sangamon County] in reference to liquor license applications by Donald E. Jackson, Jr."; (2) Jackson had

applied for such a license in 1982; (3) defendant's liquor license inspector then requested and received from the sheriff a list of any arrests or convictions of Jackson; (4) on April 26, 1985, the defendant notified Mahlburg that his request was denied because the records involved were exempt under sections 7(b), (c), and (d) of the FOIA. (Ill. Rev. Stat., 1984 Supp., ch. 116, pars. 207(b), (c), (d)); and (5) plaintiff then appealed the denial to Springfield Mayor J. Michael Houston who upheld the denial of the request for the reasons stated.

On review, defendant relies on the same claims of exemption as stated at the time it denied the information to plaintiff. No decisions of a court of review of this State passing upon the provisions of the FOIA have been called to our attention. Section 1 of the FOIA (Ill. Rev. Stat., 1984 Supp., ch. 116, par. 201) states a public policy and legislative intent of entitling all persons "to full and complete information regarding the affairs of government and the official acts and policies of those who represent them." This information is deemed necessary for the full discussion of public affairs, the "making [of] informed political judgments," and the monitoring of government. Section 1 then states that the Act is not intended to "violate individual privacy" but further states that the "restraints" on access set forth in the Act should be "seen as limited exceptions."

Section 3(a) of the FOIA requires "[e]ach public body" to "make available to any person for inspection or copying all public records, except" as stated in section 7 of the FOIA (Ill. Rev. Stat., 1984 Supp., ch. 116, par. 203(a)). Section 7 then lists the various exemptions, one of which we deem to be dispositive. Listed as an exemption is:

"(b) Information which, if disclosed, would *constitute a clearly unwarranted invasion of personal privacy,* unless such disclosure is consented to in writing by the individual subjects of such information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:

\* \* \*

(iii) files and personal information maintained with respect to any applicant, registrant or *licensee* by any public body engaged in professional or *occupational registration* or *licensure.*" (Emphasis added.) Ill. Rev. Stat., 1984 Supp., ch. 116, pars. 207(b), (b)(iii).

The plaintiff does not dispute that the various subsections of sec-

tion 7(b), including section 7(b)(iii), are *per se* exemptions. That is to say, any licensing information described in section 7(b)(iii) is exempt regardless of whether a showing is made that if it is disclosed, it will "constitute a clearly unwarranted invasion of personal privacy" unless proper consent is given. Accordingly, the only remaining question is whether a license to sell liquor is an "occupational license" within the meaning of section 7(b)(iii).

Section 2 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1983, ch. 120, par. 441) imposes a tax on "persons engaged in the business of selling tangible personal property at retail." The tax has been defined as "a tax upon the *occupation* of selling at retail." (*Central Television Service, Inc. v. Isaacs* (1963), 27 Ill. 2d 420, 426, 189 N.E.2d 333, 336.) Section 4—1 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1983, ch. 43, par. 110) authorizes cities to license for the "*sale at retail* of alcoholic liquor." (Emphasis added.) If the sale at retail is deemed to be an occupation, then the sale of alcoholic liquor at retail would seem to be an occupation and the licensing for the sale of alcoholic liquor at retail would appear to be "occupational *** licensure" within the meaning of section 7(b)(iii) of FOIA.

A city liquor license has been described as being "issued to specific premises for purposes of operating a business." (*Goode v. Thomas* (1975), 31 Ill. App. 3d 674, 676, 334 N.E.2d 300, 303.) Plaintiff maintains that because of the restrictions of liquor licenses to a particular place of business, it is not a license of an occupation. However, section 6—1 of the Liquor Control Act of 1934 (Ill. Rev. Stat. 1983, ch. 43, par. 119) describes the liquor license as "purely a personal privilege." Section 6—2 of that Act (Ill. Rev. Stat. 1983, ch. 43, par. 120) prohibits issuance of liquor licenses to certain types of persons or entities, and sections 6—2(9) and (10) thereof prohibit issuance to partnerships or corporations, respectively, when *persons* having certain types of close connection with those entities would themselves be ineligible to be licensed to sell liquor at retail. Any person who sells alcoholic liquor without a license commits a crime. (Ill. Rev. Stat. 1983, ch. 43, par. 183.) The format for licensing focuses on the type of people who will be engaged in the operating of the liquor business at retail. We conclude that in issuing the license, the city is licensing an occupation.

We recognize that the policy of FOIA is to construe its provisions to the end of enabling persons to obtain "full and complete" information concerning the operation of government as set forth in section 1 of FOIA (Ill. Rev. Stat., 1984 Supp., ch. 116, par. 201) and the public policy of "liberality in the right to examine public records."

(*Weinstein v. Rosenbloom* (1974), 59 Ill. 2d 475, 482, 322 N.E.2d 20, 24.) However, section 1 also gives significance to individual privacy. As we have indicated, section 7(b) describes certain types of information the dissemination of which would constitute "a clearly unwarranted invasion" of that privacy (Ill. Rev. Stat., 1984 Supp., ch. 116, par. 207(b)), and section 7(b)(iii) describes information concerning an applicant for an occupational license as such information the privacy of which is to be protected.

We do not see how the fact that the liquor license grants authority to engage in a particular activity at a particular location distinguishes the information obtained for that purpose from information obtained in regard to a person who wishes to practice medicine, law, dentistry, nursing, or engineering, or to pursue the occupation of a plumber, electrician, or realtor. The health and welfare is concerned with the type of people engaged in the sale of liquor, but similar or greater concerns exist as to those who practice medicine, dentistry, or nursing. The integrity of lawyers, engineers, and realtors is of as great importance as that of one selling intoxicating liquor.

We hold that the plain language of FOIA exempts the information sought here from the requirement of disclosure.

Plaintiff maintains that if FOIA is interpreted, as we have interpreted it, to permit the defendant to withhold the information sought, the Act violates its first amendment news-gathering rights and those of the public to be adequately informed, citing *Globe Newspaper Co. v. Superior Court* (1982), 457 U.S. 596, 73 L. Ed. 2d 248, 102 S. Ct. 2613, *Richmond Newspapers, Inc. v. Virginia* (1980), 448 U.S. 555, 65 L. Ed. 2d 973, 100 S. Ct. 2814, *Landmark Communications, Inc. v. Virginia* (1978), 435 U.S. 829, 56 L. Ed. 2d 1, 98 S. Ct. 1535, and *Branzburg v. Hayes* (1972), 408 U.S. 665, 33 L. Ed. 2d 626, 92 S. Ct. 2646. None are analogous to the situation here.

*Glove* and *Richmond* concern the right of media representatives to be present at ongoing criminal trials. The *Globe* court explained that the right to such access to court proceedings was grounded in a tradition of accessibility and the need to permit public scrutiny of the judicial process. There is no such tradition of accessibility to applications for licenses and less need to permit public scrutiny of the background of people receiving licenses. *Landmark* concerned an attempted prosecution for publication of information concerning a matter pending before a commission, and *Branzburg* concerned the rights of newspaper reporters to refuse to testify before a grand jury respecting the reporter's confidential sources of information. On the other hand, in *Houchins v. KQED* (1978), 438 U.S. 1, 57 L. Ed. 2d 553, 98 S. Ct.

2588, the court held that the press had no right superior to that of the public to enter a jail and gather information about inmates and the internal condition of the jail.

Plaintiff has not presented any precedent for a determination that it had a first amendment right to access to the information it sought here.

The judgment on the pleadings entered in favor of plaintiff is reversed. The cause is remanded to the circuit court of Sangamon County for further proceedings.

Reversed and remanded.

MORTHLAND and SPITZ, JJ., concur.