DEBORAH CARRIGAN, Plaintiff-Appellant, v. MARY E. HARKRADER, Clerk of the County of Peoria, Defendant-Appellee.

Third District   No. 3—85—0731

Opinion filed August 12, 1986.

Ronald L. Hamm, of Hamm & Hanna, Ltd., of Peoria, for appellant.

John A. Barra, State's Attorney, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

On May 9, 1985, the plaintiff, Deborah Carrigan, filed suit against the defendant, Peoria County Clerk Mary E. Harkrader, to obtain a copy of the letter which the Peoria County sheriff submitted in conjunction with the plaintiff's liquor-license application. As an affirmative defense, the defendant denied that the Freedom of Information Act (the Act) (Ill. Rev. Stat. 1985, ch. 116, par. 201 *et seq.*), authorized the plaintiff's request and alternatively argued that the letter was exempt from disclosure.

After inspecting the letter *in camera,* the court denied the plaintiff's request for disclosure. The court found the Act applicable only to records and reports prepared subsequent to its enactment date of July 1, 1984. Consequently, the court ruled the letter exempt from discovery due to its August 11, 1983, date and its opinionated, advisory nature.

On appeal, the plaintiff argues that disclosure is warranted because the liquor commission used, possessed and controlled the opinionated recommendation after the effective date of the Act. The

defendant responds that the Act applies prospectively to documents prepared and submitted to a public body; and, alternatively, that the letter was exempt from disclosure.

Effective July 1, 1984, the Act provides in pertinent part that any county administrative body shall allow nonexempt public records to be inspected or copied. (Ill. Rev. Stat. 1985, ch. 116, pars. 202(a), 203(a).) Public records include opinionated letters about any private person which currently or in the past were used, received, possessed, or controlled by any public body. Ill. Rev. Stat. 1985, ch. 116, par. 202(c)(ix).

We acknowledge both that the purpose of the Act is to provide disclosure of information about government's affairs and its representatives' official acts (Ill. Rev. Stat. 1985, ch. 116, par. 201), and that the Act clearly applies to records and reports prepared or received on or after July 1, 1984 (Ill. Rev. Stat. 1985, ch. 116, par. 43.29). The instant dilemma, however, is based on the following. The sheriff prepared and submitted the letter to the liquor commission in 1983. After the Act became effective, the plaintiff requested that document which the liquor commission possessed but refused to disclose.

■ Absent express legislative intent to the contrary, a statute creating new obligations will only be prospectively applied. (*Board of Education v. Illinois State Board of Education* (1984), 122 Ill. App. 3d 471, 461 N.E.2d 567.) Thus, we must ascertain and give effect to the legislative intent best evidenced by the ordinary meaning of the statutory language. *Sayles v. Thompson* (1983), 99 Ill. 2d 122, 457 N.E.2d 440.

■ We find that the Act which was clearly effective on July 1, 1984, prospectively expanded an individual's right to inspect or copy nonexempt public records possessed or controlled by a public body. Thus, the Act applied to the plaintiff's request for disclosure since her disclosure request was initiated after the Act became effective (see *Jaymar-Ruby, Inc. v. Federal Trade Com.* (N.D. Ind. 1980), 496 F. Supp. 838), and application of the Act in effect when the court rendered its decision is neither manifestly unjust nor contrary to the legislative intent (see *Hill v. United States* (9th Cir. 1978), 571 F.2d 1098).

■ Before deciding whether the plaintiff was entitled to access to the letter, we must acknowledge that the Act also limited access to information by providing that unless publicly cited and identified by the head of a public body, recommendations which express opinions are exempt from inspection and copying. Ill. Rev. Stat. 1985, ch. 116, par. 207(f).

■ We concur in the trial court's *in camera* determination that

the Peoria County sheriff set forth his opinionated recommendation about the plaintiff's liquor-license application in the letter he submitted to the liquor commission. Those findings were not publicly cited by either the Peoria County liquor commissioner or the Illinois Liquor Control Commission. Thus, we recognize the dilemma caused by an applicant for an occupational license, but find that we must honor the plain language of one of the many exceptions carved by the legislature to whittle away a person's right to access to information about his government's affairs, even if they pertain to him. (See *Copley Press, Inc. v. City of Springfield* (1986), 143 Ill. App. 3d 370, 493 N.E.2d 127.) Therefore, the court appropriately found the requested document exempt from disclosure.

Accordingly, the judgment of the circuit court of Peoria County is reversed as to the court's ruling on the applicability of the Act; the balance of the judgment is affirmed.

Affirmed in part and reversed in part.

SCOTT, P.J., and WOMBACHER, J., concur.