PECORA OIL COMPANY *et al.*, Plaintiffs-Appellees, v. J. THOMAS JOHNSON, Director of Department of Revenue, Defendant-Appellant.

Second District   No. 2—86—0908

Opinion filed May 12, 1987.—Rehearing denied July 16, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Rosalyn B. Kaplan, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Edward T. Graham, of Wheaton, for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs, Ted Pecora and Pecora Oil Company (Pecora), filed an action for a writ of *mandamus*, declaratory relief, and an injunction against defendant, J. Thomas Johnson, Director of the Department of Revenue (Director). The trial court issued an order granting the request for a writ of *mandamus* and an injunction compelling the production of certain records sought by Pecora pursuant to the Illinois Freedom of Information Act (FOIA) (Ill. Rev. Stat. 1985, ch. 116, par.

201 *et seq.*). The Director appeals from the trial court's ruling, asserting that the requested records are exempt from disclosure under the Retailers' Occupation Tax Act (ROTA) (Ill. Rev. Stat. 1985, ch. 120, par. 440 *et seq.*) and under the FOIA.

Pecora purchases motor fuel from various refineries and distributes the fuel to retailers for sale to consumers. Under section 2d of the ROTA (Ill. Rev. Stat. 1985, ch. 120, par. 441d), Pecora is required to prepay to each of its suppliers the retailers' occupation tax on the motor fuel received from that supplier and distributed to a retailer. Section 2e of the ROTA (Ill. Rev. Stat. 1985, ch. 120, par. 441e) requires suppliers and distributors to file monthly statements of taxes paid for each of their fuel purchasers showing the amount of motor fuel sold or distributed to that purchaser during the preceding month and the amount collected from that purchaser.

In its brief on appeal, Pecora states that deficiencies were assessed against it by the Department of Revenue for a 34-month period from January 1983 until October 1985. Pecora challenged these deficiencies in an administrative proceeding and sought the records in question in connection with that proceeding. Pecora made its FOIA request to the Department by letter dated May 20, 1986, and sought the following:

> "1. Copies of records which reflect the invoiced gallons of motor fuel that refiners, suppliers, or producers have reported as sold to Pecora Oil Co. for the thirty-four calendar months of January 1983 through October 1985.
>
> 2. Copies of records which reflect the invoiced gallons of motor fuel which were reported by Pecora as purchased from refiners, suppliers, or producers for the thirty-four calendar months of January 1983 through October 1985.
>
> 3. Copies of records which purports [*sic*] to show the reconciliation between the invoiced gallons of motor fuel that refiners, suppliers or producers have reported as sold to Pecora Oil Company and the invoiced gallons of motor fuel that were reported by Pecora Oil Company as purchased from refiners, suppliers, or producers for each of the thirty-three calendar months of January 1983 through September 1985."

The Department only granted the request with respect to the records sought in item two. The Department cited section 7(b)(iv) of the FOIA (Ill. Rev. Stat. 1985, ch. 116, par. 207(b)(iv)) as the basis for its denial of access to the records sought in items one and three. After its appeal to the Director was denied, Pecora filed the instant action pursuant to section 11 of the FOIA (Ill. Rev. Stat. 1985, ch. 116, par. 211)

in the circuit court of Du Page County.

The Director never filed an answer to Pecora's complaint. A hearing was held on the return date of July 29, 1986, during which the trial court ordered the parties to submit memoranda of law and set the matter for a further hearing. At the second hearing, held on September 2, 1986, the trial court issued its ruling in favor of Pecora.

There is no report of proceedings in the record on appeal, nor is there a substitute pursuant to Supreme Court Rules 323(c) or (d) (87 Ill. 2d Rules 323(c), (d)). As the appellant, the Director has the burden of presenting a sufficiently complete record of the proceedings in the trial court to support its claim of error; in the absence of such a record we will presume that the trail court's ruling was in conformity with the law and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958.) Any doubts which arise from the incompleteness of the record will be resolved against the appellant. (99 Ill. 2d 389, 392.) This court may, however, review any issues whose resolution does not depend upon the matter omitted from the record on appeal. *Lakeland Property Owners Association v. Larson* (1984), 121 Ill. App. 3d 805, 809, 459 N.E.2d 1164.

The Director first contends that the requested records are exempt as a matter of law under section 7(b)(iv) of the FOIA (Ill. Rev. Stat. 1985, ch. 116, par. 207(b)(iv)) from public inspection and copying. The relevant portions of section 7 of the FOIA read as follows:

"The following shall be exempt from inspection and copying:
***

(b) Information which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless such disclosure is consented to in writing by the individual subject of such information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:
* * *

(iv) information required of any taxpayer in connection with the assessment or collection of any tax unless disclosure is otherwise required by State statute." (Ill. Rev. Stat. 1985, ch. 116, par. 207(b)(iv).)

The Director maintains that any records falling within any of the five subsections of section 7(b) are automatically exempted from disclosure under the FOIA, citing the Appellate Court for the Fourth District's holding in *Copley Press, Inc. v. City of Springfield* (1986), 143 Ill.

App. 3d 370, 493 N.E.2d 127. Pecora disagrees, citing the Appellate Court for the Third District's holding in *City of Monmouth v. Galesburg Printing & Publishing Co.* (1986), 144 Ill. App. 3d 224, 494 N.E.2d 896, for the proposition that, even if records fall within one of the subsections of section 7(b), the governmental entity must still show that disclosure of the records would constitute a clearly unwarranted invasion of personal privacy in order to justify any refusal to disclose the records. 144 Ill. App. 3d 224, 228.

We need not decide this issue, however, since the Director has failed to demonstrate that the requested records are covered by section 7(b)(iv) of the FOIA. The Director admits that Pecora's suppliers are not subject to the retailers' occupation tax on the fuel sold to Pecora. Since the records in question do not contain information required of Pecora's suppliers in their status as taxpayers, section 7(b)(iv) of the FOIA is inapplicable.

The records would still be exempt under section 7(b) of the FOIA if they contained information "which, if disclosed, would constitute a clearly unwarranted invasion of personal privacy." (Ill. Rev. Stat. 1985, ch. 116, par. 207(b).) Under these circumstances, disclosure would not result in any invasion of the privacy of Pecora's suppliers, especially since the requested information relates solely to sales made to Pecora. The records requested by Pecora are not exempt from disclosure under section 7(b) of the FOIA.

Under section 7(a) of the FOIA (Ill. Rev. Stat. 1985, ch. 116, par. 207(a)), information which is specifically prohibited from disclosure by State or Federal law or any rules or regulations promulgated thereto is exempt from disclosure under the FOIA. The Director contends that information sought by Pecora is barred from disclosure by section 11 of the ROTA (Ill. Rev. Stat. 1985, ch. 120, par. 450) and is therefore exempt from disclosure under section 7(a) of the FOIA.

The first paragraph of section 11 of the ROTA states as follows:

"All information received by the Department from returns filed under this Act, or from any investigation conducted under this Act, shall be confidential, *except for official purposes,* and any person who divulges any such information in any manner, except in accordance with a proper judicial order or as otherwise provided by law, shall be guilty of a Class B misdemeanor." (Ill. Rev. Stat. 1985, ch. 120, par. 450.)

The eighth paragraph of this section states as follows:

"Where an appeal or protest has been filed on behalf of a taxpayer, the furnishing upon request of the attorney for the taxpayer of returns filed by the taxpayer *and information re-*

*lated thereto under this Act* is deemed to be an official purpose within the meaning of this Section." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 120, par. 450.

It is quite clear that the monthly statements filed by Pecora's suppliers under section 2e of the ROTA (Ill. Rev. Stat. ch. 120, par. 441e) concerning sales to Pecora are closely related to the returns filed by Pecora under the Act. Accordingly, if Pecora has filed an appeal or protest of a tax assessment under the ROTA, it is entitled to receive the requested records for the relevant period, since the furnishing of those records to Pecora would be deemed an official purpose and the disclosure of the records to Pecora would not be barred by the confidentiality provisions of section 11 of the ROTA.

The record on appeal neither supports nor refutes the contention made in Pecora's brief that it challenged the Department of Revenue's deficiency assessments in an administrative proceeding. Since the Director has failed to provide this court with a sufficiently complete record on appeal to determine this issue, we presume that the trial court's order was in conformity with the law and had a sufficient factual basis, and we resolve all doubts arising from the incompleteness of the record against the Director. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958.) We shall therefore presume that Pecora did file an appeal or protest from the Department of Revenue's tax assessment and that the confidentiality provisions of section 11 of the ROTA are thus inapplicable to the records sought by Pecora.

The FOIA became effective July 1, 1984. Some of the records requested by Pecora date back to January 1983. In *Carrigan v. Harkrader* (1986), 146 Ill. App. 3d 535, 496 N.E.2d 1213, it was held that the FOIA applies to all disclosure requests initiated after its effective date, even if the requested records were prepared or received prior to that date. (146 Ill. App. 3d 535, 537.) Although the *Carrigan* holding seems to conflict with section 26 of the State Records Act (SRA) (Ill. Rev. Stat. 1985, ch. 116, par. 43.29), which states that the SRA will only apply to inspection and copying of records prepared or received prior to July 1, 1984, and the FOIA shall apply to all other records, it is not necessary to determine whether *Carrigan* was correctly decided since Pecora is entitled to copies of the requested records under the SRA as well.

■ Section 3 of the SRA (Ill. Rev. Stat. 1985, ch. 116, par. 43.6) states that "[r]eports and records of the obligation, receipt and use of public funds of the State are public records available for inspection by the public, except as access to such records is otherwise limited or

prohibited by law or pursuant to law." The records sought by Pecora relate to the receipt of public funds and are therefore subject to inspection under the SRA. While section 3 also states that the State shall not be required to invade or assist in the invasion of any person's privacy, we have already determined that no invasion of privacy will result if Pecora receives copies of the requested records.

The State argues that access to the records in question is otherwise limited as a result of section 11 of the ROTA (Ill. Rev. Stat. 1985, ch. 120, par. 450). We have already rejected this argument in connection with the FOIA, and we reject it again. Pecora's right to inspect the records under section 3 of the SRA is supplemented by its right to obtain copies of the records under section 4 (Ill. Rev. Stat. 1985, ch. 116, par. 43.7). The result under the FOIA and the SRA is the same; Pecora is entitled to obtain copies of the requested records. The judgment of the circuit court of Du Page County is therefore affirmed.

Affirmed.

NASH and INGLIS, JJ., concur.