THE PEOPLE *ex rel.* NEIL F. HARTIGAN, Attorney General, Plaintiff-Appellee, v. GREAT AMERICA HOMES OF ILLINOIS, INC., *et al.*, Defendants-Appellants.

Second District   No. 2—88—0383

Opinion filed February 23, 1989.

J. Michael Fitzsimmons, of Fitzsimmons & Bowen, of Oak Brook, and Jerome J. Roberts, of Berman, Roberts & Kelly, of Chicago, for appellants.

Robert J. Long, of Law Offices of Robert J. Long, Ltd., of Antioch, for appellee.

JUSTICE DUNN delivered the opinion of the court:

The Illinois Attorney General instituted an action on behalf of the People of the State of Illinois against Great America Homes of Illinois, Inc. (GAH), Ameriwest Mortgage Corporation (Ameriwest), Thomas McManus, and two other defendants alleging violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*) and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 311 *et seq.*).

The trial court appointed a receiver to administer defendants' assets and entered a preliminary injunction against defendants. The defendants named above later executed a consent decree in which they agreed to entry of judgment in favor of plaintiff. The trial court denied the motion of defendants GAH, Ameriwest, and McManus for payment of their attorney fees from the receivership assets. On appeal, defendants contend that the trial court's order denied them due process of law and that the trial court erroneously focused on defendants' lack of good faith in dealing with their customers rather than considering whether defendants acted in good faith in presenting their defense to the action. We affirm.

Plaintiff's complaint alleged, *inter alia*, as follows. Thomas McManus was the president of GAH and Ameriwest. GAH engaged in the business of developing and selling real estate. Ameriwest engaged in the business of making and negotiating home mortgage loans. Commencing on or about April 1, 1987, GAH solicited and offered for sale certain real estate in subdivisions known as Evergreen and Casidas in Warren Township. At the same time, Ameriwest solicited and accepted applications for mortgages for residences to be built in these subdivisions. McManus and the two corporate defendants falsely represented to consumers that they held title to certain lots in the above subdivisions, had the financial resources to construct single-family residences on the lots, and intended to build such residences. They also falsely represented that earnest money paid by consumers would be kept in a segregated escrow account and applied as a down payment toward the purchase of a home.

In the consent decree, defendants admitted that if a hearing were held regarding the issuance of a permanent injunction, the evidence would be the same as that presented at the prior hearing for a preliminary injunction. Defendants consented to the entry of judgment against them in the amount of $631,424.99 and to the issuance of a permanent injunction restraining them from engaging in certain activities.

On the same day that the consent decree was entered, defendants' attorneys presented a petition to the trial court requesting that $48,282.75 in attorney fees be paid to them from the funds held by the court-appointed receiver. The trial judge denied the petition on the basis that the defense of the instant action was not undertaken in good faith by the corporate defendants. In making this finding, the trial judge relied upon the consent decree and the stipulation of the parties contained therein; the testimony presented at the hearing on plaintiff's request for a preliminary injunction, and appointment

of a receiver; and a criminal conviction against defendant McManus, of which the court took judicial notice. Defendants filed a timely notice of appeal from the denial of the petition for payment of attorney fees.

In *People ex rel. Schacht v. Main Insurance Co.* (1983), 114 Ill. App. 3d 334, 448 N.E.2d 950, the court stated as follows:

"It is well established that as a general rule where an application has been made for the appointment of a receiver for a corporation, attorney fees and expenses, if incurred in good faith, may become a valid claim against the receiver, such claim being addressed to the sound discretion of the trial court." (*Schacht*, 114 Ill. App. 3d at 338, 448 N.E.2d at 953.)

Our supreme court has cited the above language with approval. (See *W.E. Erickson Construction, Inc. v. Congress-Kenilworth Corp.* (1986), 115 Ill. 2d 119, 131, 503 N.E.2d 233, 239.) Much earlier, our supreme court stated that in cases of this nature, representatives of a corporation whose existence is attacked should be afforded reasonable means of defending the corporation if the circumstances justify resistance, but that receivership assets should not be wasted on needless and vexatious litigation in light of the trial court's duty to preserve those assets to as great an extent as possible. *Assets Realization Co. v. Defrees, Brace & Ritter* (1907), 225 Ill. 508, 513, 80 N.E. 263, 265.

Defendants do not challenge the general rule set forth in *Schacht*. Instead, they assert that the trial court misapplied the rule by focusing on defendants' lack of good faith in their dealings with consumers rather than the question of whether the corporations presented their defense in good faith and that they were denied due process as a result of this misapplication of the general rule. Apparently, the defense presented is that defendants did own some of the land in question and did undertake some home construction, indicating that they did not intend to defraud their customers.

It is clear from the record that the trial judge believed that defendants' attorneys had acted in good faith. In cases of this nature, however, the right of the attorneys to recover their fees from the receivership assets is dependent upon the good faith of the corporate directors or officers employing them. (*Schacht*, 114 Ill. App. 3d at 343, 448 N.E.2d at 956.) The trial judge's belief that the attorneys had acted in good faith is therefore not inconsistent with his denial of their motion for payment of fees from the receivership assets.

While issuing his ruling, the trial judge stated that he had heard nearly three weeks of testimony at the hearing on plaintiff's applica-

tion for a preliminary injunction and the appointment of a receiver. The judge later stated:

"The victims are obvious. The lack of good faith of the victimizer is overwhelming, and it was, in fact, difficult for this Court to read again the testimony of those witnesses at the preliminary injunction hearing, but I have, of those without substantial resources who withdrew their savings and who, in part, had to borrow funds in addition to withdrawing all their savings to afford that down payment and who never received any benefit for the bargain."

Shortly thereafter, the court made the following findings:

"That the defense of these actions from the start was not undertaken by the defendant corporations in good faith. A pattern of fraud was well established prior thereto and well prior to the beginning of these cases. \*\*\* Therefore, the Court would find that, in fact, the defense of these claims from the start was neither reasonable nor necessary."

The court then denied the petition for attorney fees.

The above-quoted statements indicate that the trial court believed that the evidence of fraud against defendants was clear and overwhelming. If the evidence against defendants was as compelling as the trial court apparently believed, it would have been reasonable for the court to conclude that the two corporations did not defend the action in good faith because it was apparent from the outset that there was no valid defense. It is apparent from the record that the trial court relied on evidence produced at the hearing on plaintiff's application for preliminary injunction and appointment of a receiver, a hearing which lasted nearly three weeks. There are no transcripts from that hearing in the record on appeal, however.

Defendants, as appellants, have the burden of presenting a sufficiently complete record of the proceedings in the trial court to support their claim of error; in the absence of such a record, we will presume that the trial court's ruling was in conformity with the law and had a sufficient factual basis. (*Pecora Oil Co. v. Johnson* (1987), 156 Ill. App. 3d 521, 523, 509 N.E.2d 495, 497.) Any doubts which arise from the incompleteness of the record will be resolved against the appellants. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959.) Here, the trial judge's conclusion that the two corporations did not incur the attorney fees in question in good faith appears to have been based in large part upon testimony which has not been included in the record on appeal. We must therefore presume that the trial judge acted in conformity with the law and that there

was a sufficient factual basis to support his denial of the petition for payment of attorney fees from the funds held by the receiver.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and WOODWARD, JJ., concur.