**Patricia BOBKOSKI, Plaintiff,**

v.

**BOARD OF EDUCATION OF CARY CONSOLIDATED SCHOOL DISTRICT 26, et al., Defendants.**

**No. 90 C 5737.**

United States District Court,
N.D. Illinois, E.D.

Jan. 30, 1992.

Constantine John Gekas, Adrianne S. Harvitt, Harvitt & Gekas, Ltd., Chicago, Ill., for plaintiff.

Michael R. Grimm, Kevin P. Mohr, Clausen, Miller, Gorman, Caffrey & Witous, P.C., Chicago, Ill., Albert Lynn Himes, Lawrence Jay Weiner, George Robb Cooper, Scariano, Kula, Ellch & Himes, Chtd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the Court on plaintiff's objections to certain discovery rulings made by Magistrate Judge Guzman. For the reasons set forth below, plaintiff's objections are denied in part and granted in part.

## BACKGROUND

Plaintiff, Patricia Bobkoski, filed suit on October 1, 1990 against the Board of Education of Cary Consolidated School District 26 and two supervisors, ("Defendants").

She contends that Defendants violated the Age Discrimination in Employment Act. 29 U.S.C.A. §§ 621–34 (West 1985).

The particular discovery dispute before us arose out of Ms. Bobkoski's motion to compel. Ms. Bobkoski's motion sought the production of:

> all notes taken by the Defendants during school board meetings pertaining to Patricia Bobkoski and/or employment related matters, including but not limited to, the hiring, firing, retirement, resignation, remediation or disciplining of teachers in District 26, including executive sessions, from 1985 to present.

Magistrate Judge Guzman segregated this request into two parts. He perceived the request to be seeking Board discussions that related to: (1) Ms. Bobkoski's job performance and her desirability as a teacher or employee, and (2) the Board's strategy discussions and determinations with respect to Ms. Bobkoski's discrimination complaints or lawsuit. The magistrate judge found the first category of material discoverable. This ruling is not presently at issue.

What is in dispute, however, is the magistrate judge's ruling regarding Defendants' strategy discussions. Judge Guzman denied Ms. Bobkoski's motion to compel as it related to recorded notes, memoranda and minutes "of meetings or portions of meetings at which the plaintiff's performance was not the central issue but which deal more with strategy for trial and case preparation." Order No. 90 C 5737, p. 6. (Dec. 10, 1991). The judge reasoned that the federal executive predecisional deliberative process privilege protected such documents. *Id.* at 5–7.

The magistrate judge also held that any Board discussions in the presence of counsel and for the purpose of obtaining legal advice were protected from disclosure by the attorney-client privilege unless a waiver could be shown. *Id.* at 7.

Ms. Bobkoski has three general objections to the magistrate judge's rulings. First, Ms. Bobkoski proffers three reasons for why the predecisional deliberative process privilege should not apply. She argues that: (1) the defendant School Board of Education, a state entity, is not entitled to the protection of the federal deliberative process privilege in this case; (2) litigation and case preparation matters are not protected by the privilege; and (3) it was error to hold the documents protected without first requiring an *in camera* review.

Ms. Bobkoski's other two objections do not deal with the magistrate judge's predecisional deliberative process privilege ruling. Her second objection is that Defendants waived the attorney-client privilege at various Board meetings. Finally, Ms. Bobkoski asserts that the magistrate judge failed to consider that portion of her discovery request that seeks school board notes and minutes involving Defendants' employment decisions for all teachers of School District 26. Plaintiff insists that we should consider this request and order production even though the magistrate judge did not rule on the issue. Before addressing the merits of Plaintiff's arguments, we will address the appropriate standard of review.

## DISCUSSION

### A. *Standard of Review*

■ The Federal Rules of Civil Procedure provide magistrate judges with broad discretion in resolving discovery disputes. A magistrate judge's ruling on a nondispositive matter may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). Courts have consistently found routine discovery motions to be "nondispositive" within the meaning of Rule 72(a). *See, e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990); *Johnson v. Old World Craftsmen, Ltd.,* 638 F.Supp. 289, 291 (N.D.Ill.1986). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United*

*States Gypsum,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). It is with this standard in mind that we review Ms. Bobkoski's objections.

## B. *The Deliberative Process Privilege*

■ The Federal Rules of Civil Procedure govern discovery disputes in civil actions brought in federal court. Rule 26(b)(1) states that "parties may obtain discovery regarding any matter, not privileged, which is relevant." Fed.R.Civ.P. 26(b)(1). Federal Rule of Evidence 501 provides that federal common law governs any privilege question in this case. *See* Fed. R.Evid. 501. We are also free, however, to consider state law to determine whether a state privilege should be recognized as a matter of federal law. *See Memorial Hospital v. Shadur,* 664 F.2d 1058, 1061 (7th Cir.1981) (holding that " '[a] strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy' "). Accordingly, when a "state holds out the expectation of protection to its citizens, they should not be disappointed by a mechanical and unnecessary application of the federal rule." *Id.*

■ Privileges that exclude relevant evidence must be narrowly construed. *Memorial Hospital,* 664 F.2d at 1061. The evidentiary privilege at issue here, the deliberative process privilege, also known as the "executive," "governmental," "official information," or "intragovernmental opinion" privilege, was previously codified in proposed Federal Rule of Evidence 509. *In re Franklin National Bank,* 478 F.Supp. 577, 580 (E.D.N.Y.1979). Although Rule 501 was adopted in its stead, Rule 509 still "remains a useful guide and standard." *Id.* Proposed Rule 509(b) provided that the "government has a privilege to refuse to give evidence . . . upon a showing of reasonable likelihood of danger that the evidence will disclose . . . official information as defined in this rule." Subsection (a)(2) defines intragovernmental opinions as one type of official information:

information within the custody or control of a department or agency of the government the disclosure of which is shown to be contrary to the public interest and which consists of: (A) intragovernmental opinions or recommendations submitted for consideration in the performance of decisional or policy-making functions.

The primary rationale for the deliberative process privilege, which is analogous to the attorney-client privilege's underlying purpose, is that "effective and efficient governmental decision making requires a free flow of ideas among government officials and that inhibitions will result if officials know that their communications may be revealed to outsiders." *In re Franklin National Bank,* 478 F.Supp. at 581; *see also Carl Zeiss Stifung v. V.E.B. Carl Zeiss, Jena,* 40 F.R.D. 318, 325 (D.D.C. 1966) (finding that "government, no less than the citizen, needs open but protected channels for the kind of plain talk that is essential to the quality of its functioning"), *aff'd,* 384 F.2d 979 (D.C.Cir.), *cert. denied,* 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967); *Kaiser Aluminum and Chemical Corp. v. United States,* 157 F.Supp. 939, 946, 141 Ct.Cl. 38 (1958) (holding that "[d]isclosure of predecisional documents would injure the consultative process within the government"). Thus, it is clear that the deliberative process privilege is designed to further governmental efficiency and effectiveness.

■ Although increased governmental efficiency is a worthwhile goal, the deliberative process privilege has its limitations. One such limitation is that the privilege only protects expressions of opinion or recommendations; it does not protect purely factual material. *In re Franklin National Bank,* 478 F.Supp. at 581–82. Magistrate Judge Guzman recognized this limitation when he directed the disclosure of all "factual discussions of the board as it pertains to the plaintiff." Min.Order (Nov. 7, 1991).

■ An additional limitation also exists. The deliberative process privilege is a qualified privilege not an absolute privilege. *In re Franklin National Bank,* 478 F.Supp.

at 582. As such, a court must " 'weigh the need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case.' " *Memorial Hospital,* 664 F.2d at 1061–62 (citation omitted); *see also In re Franklin National Bank Sec. Litigation,* 478 F.Supp. 577 (E.D.N.Y.1979) (Weinstein, J.) (applying such a balancing test). It is in light of this background that we must address Ms. Bobkoski's objection to the magistrate judge's application of the deliberative process privilege.

### 1. Availability of Privilege to State Entity

■ Ms. Bobkoski's first argument is that Magistrate Judge Guzman erred by applying a federal privilege to a state entity. Because we believe there was no error, we reject this objection.

The court in *Moorhead v. Lane,* 125 F.R.D. 680 (C.D.Ill.1989), applied the federal deliberative process privilege to an Illinois state agency. The court specifically held that it was "proper to recognize an executive predecisional deliberative process privilege for state agencies." *Id.* at 686; *see also N.O. v. Callahan,* 110 F.R.D. 637, 642–43 (D.Mass.1986) (recognizing application of federal deliberative process privilege to "internal state communications"). The *Moorhead* court reasoned that such a conclusion would ensure more efficient governmental decision making on the state level. *Id.* The court further reasoned that such a conclusion was consistent with Illinois' emerging policy of protecting governmental deliberative materials. *Id.; see also Hoffman v. Department of Corrections,* 158 Ill.App.3d 473, 110 Ill.Dec. 582, 584, 511 N.E.2d 759, 761 (1st Dist.1987) (recognizing the protection of preliminary governmental materials); *Carrigan v. Harkrader,* 146 Ill.App.3d 535, 100 Ill.Dec. 148, 149–50, 496 N.E.2d 1213, 1214–15 (3rd Dist.1986) (applying Illinois Freedom of Information Act to protect a sheriff's "opinionated recommendation" letter regarding plaintiff's application for a liquor license); Freedom of Information Act, Ill.Ann.Stat.

ch. 116, para. 207(f) (Smith–Hurd Supp. 1991) (protecting from disclosure all "[p]reliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated, except that a specific record or relevant portion thereof shall not be exempt when the record is publicly cited and identified by the head of the public body"). Therefore, the court concluded that the federal deliberative process privilege, where appropriate, should be available to state agencies.

We agree with the *Moorhead* court's reasoning and conclude that it was proper to afford defendant School Board of Education the benefit of the deliberative process privilege. Plaintiff has failed to provide this Court with any valid reason for withholding the deliberative process privilege from a state entity such as the defendant Board of Education. More importantly, our conclusion will foster a more effective and efficient deliberative process for such entities. Additionally, our holding is consistent with Illinois' emerging policy of protecting such governmental deliberative materials. Accordingly, we uphold Magistrate Judge Guzman's ruling that certain documents held by the defendant, a state entity, are potentially protectable under the deliberative process privilege and remand to the magistrate judge for that purpose.

### 2. Protection of Trial Strategy and Case Preparation

■ Ms. Bobkoski's second argument is that the deliberative process privilege does not protect the type of discussions Defendants seek to protect. The magistrate judge held that the privilege protected all recorded notes, memoranda and minutes "of meetings or portions of meetings at which the plaintiff's performance was not the central issue but which deal more with strategy for trial and case preparation." Order No. 90 C 5737, p. 6 (Dec. 10, 1991). For the following reasons, we hold that the deliberative process privilege can extend to such matters.

Where appropriate, the deliberative process privilege is broad enough to encompass litigation related discussions. As Judge Weinstein has recognized, the deliberative process privilege "extends to a broad spectrum of 'intragovernmental documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated.'" *In re Franklin National Bank,* 478 F.Supp. at 588 (quoting *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena,* 40 F.R.D. 318 (D.D.C.1966), *aff'd,* 384 F.2d 979 (D.C.Cir.), *cert. denied,* 389 U.S. 952, 88 S.Ct. 334, 19 L.Ed.2d 361 (1967)).

Although not entirely clear, Ms. Bobkoski appears to take the position that litigation related discussions can never fall within the privilege's protection. We reject such a contention. Certainly, discussion of settlement among board members would fall within the deliberative process privilege. Indeed, this and many other types of trial related strategy discussions necessarily involve a governmental entity's deliberative process whereby the entity's members review and select among various options presented. Moreover, the value of such strategic discussions depends upon the open and frank recommendations and opinions that the deliberative process privilege attempts to foster. *In re Franklin National Bank,* 478 F.Supp. at 588. Thus, we hold that Magistrate Judge Guzman properly held that litigation related discussions could come within the deliberative process privilege's protection.

■ We do not hold, however, that the privilege protects all litigation related discussions in every case. As mentioned above, the deliberative process privilege is of a qualified nature. *In re Franklin National Bank,* 478 F.Supp. 577, 582 (E.D.N.Y.1979). Accordingly, courts must balance the "'need for truth against the importance of the relationship or policy sought to be furthered by the privilege, and the likelihood that recognition of the privilege will in fact protect that relationship in the factual setting of the case.'" *Memorial Hospital,* 664 F.2d at 1061–62.

Although we believe that in the vast majority of cases such litigation related discussions would be protected by the privilege, we do not hold that all such discussions are protected *per se.*

### 3. In Camera Review

■ Ms. Bobkoski's third argument regarding the application of the deliberative process privilege is that it was error to hold the documents privileged without first subjecting them to an *in camera* review. Defendants claim eleven documents are privileged. We conclude that an *in camera* inspection of these documents is proper.

An *in camera* inspection of the documents in question is appropriate here. Although an *in camera* review is not required in every case, *see Environmental Protection Agency v. Mink,* 410 U.S. 73, 93, 93 S.Ct. 827, 839, 35 L.Ed.2d 119 (1974) (suggesting alternative method of review), both the Seventh Circuit and the Supreme Court have encouraged its use. *See Kerr v. United States District Court,* 426 U.S. 394, 405–06, 96 S.Ct. 2119, 2125, 48 L.Ed.2d 725 (1976); *Memorial Hospital,* 664 F.2d at 1063 n. 6. Moreover, in their response, Defendants have consented to such a review. Defendants' Response, p. 5 (stating that Defendants "stand ready to produce any and all withheld documentation *in camera* "). Furthermore, the relatively small amount of documents that Defendants seek to protect render such a task tolerable under the circumstances. Accordingly, we order an *in camera* inspection of Defendants' documents to determine whether they fall within the protection of the deliberative process privilege.

### C. *Waiver of Attorney–Client Privilege*

■ The magistrate judge held that "[a]ny board discussions had in the presence of counsel and for the purpose of obtaining legal advice are protected and need not be disclosed, unless plaintiff can show that a waiver exists." Order No. 90 C 5737, p. 7 (Dec. 10, 1991). Relying on this holding, Ms. Bobkoski now contends that Defendants waived the attorney-client privilege by allowing certain third parties

to attend various board meetings. These third parties are the school's Superintendent, Assistant Superintendent, and Business Manager. For the following reasons, we conclude that there has been an inadequate development of the facts needed to resolve this issue. Accordingly, we remand this matter for the magistrate judge's consideration after further factual development by the parties.

Resolution of this issue depends upon the application of the Supreme Court's ruling in *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). In *Upjohn,* the Court held that a client-corporation did not necessarily waive the attorney-client privilege when one of its non-"control group" employees engaged in communications with the corporation's attorney. *Upjohn,* 449 U.S. at 395, 101 S.Ct. at 685. The Court, however, did not protect all such communications from compelled disclosure. Rather, the Court stressed: (1) that the employees knew their information was needed to supply a basis for legal advice; (2) that the employees were directed by their supervisors to provide such information; (3) that the employees' information was helpful in enabling the attorney to give his client sound and informed advice; and (4) that the information related to matters within the scope of the employees' employment. *Upjohn,* 449 U.S. at 394, 101 S.Ct. at 685; *see also Elgin Fed. Credit Union v. Cantor, Fitzgerald Sec.,* 91 F.R.D. 414, 418 (N.D.Ga. 1981) (discussions by internal accountant and lower-level managers to employer-client's attorney at board meeting protected under *Upjohn*). Because these elements were satisfied, the Court concluded that the employee communications were protected by the attorney-client privilege.

Neither party here has provided us with any of the necessary factual evidence needed to apply *Upjohn*'s analytical framework. Particularly egregious is Defendants' conclusory statement that Ms. Bobkoski's waiver argument is "not well-founded" because the "presence of the District Administration during the course of executive discussions is clearly within the contemplation of the privilege ... as applied in this case." We remind Defendants that they retain the burden of establishing the existence of the privilege. *See, e.g., Sneider v. Kimberly-Clark Corp.,* 91 F.R.D. 1, 3 (N.D.Ill.1980). Because essential facts are lacking, we cannot decide the issue and remand it for the magistrate judge's consideration but only after further factual development.

### D. *Discovery Matters Not Decided by the Magistrate Judge*

Ms. Bobkoski's final argument is that we should compel Defendants to produce all school board notes and minutes that relate to employment decisions for all teachers of School District 26. The magistrate judge did not discuss this aspect of Plaintiff's discovery request in his order. Plaintiff, nevertheless, insists that we should grant the request. We decline the invitation to decide the issue and conclude that given the circumstances it is most appropriate to remand this discovery question for the magistrate judge's consideration.

### CONCLUSION

For the foregoing reasons, Ms. Bobkoski's objections to various rulings by the magistrate judge are denied in part and granted in part. We remand the case to the magistrate judge for further findings in accordance with this opinion.