HAROLD SCHESSLER, Plaintiff-Appellee, v. THE DEPARTMENT OF CONSERVATION, Defendant-Appellant.

Fourth District   No. 4—93—0426

Argued December 15, 1993.—Opinion filed January 27, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General (argued), of counsel), for appellant.

Elizabeth Caddick (argued), of Springfield, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On July 9, 1992, plaintiff Harold Schessler filed a complaint in the circuit court of Sangamon County against defendant the Illinois Department of Conservation (Department) seeking (1) a declaratory judgment that he was entitled to certain information from the Department under the Freedom of Information Act (FOIA) (Ill. Rev. Stat. 1991, ch. 116, par. 201 *et seq.*), and (2) a mandatory injunction requiring the Department to furnish the information. The cause was apparently heard upon an agreed statement of facts arising from memoranda submitted by the parties. After hearing arguments of the parties, the circuit court entered an order on April 12, 1993, requiring the Department to furnish the information. The Department has appealed. We affirm.

Section 1 of the Bird Shooting Act (Act) prohibited the shooting of birds for "sporting purposes or as a test of skill in marksmanship" without a permit from the Department. (Ill. Rev. Stat. 1989, ch. 8, par. 111.1.) Section 2 of the Act empowered the Department to make rules and regulations for licensing and control of events where such shooting took place. (Ill. Rev. Stat. 1989, ch. 8, par. 111.2.) The Act was repealed effective December 16, 1991. (Pub. Act 87—798, eff. December 16, 1991 (1991 Ill. Laws 4392, 4403).) While in effect, the Act, together with regulations properly adopted, required that applications for permits for a live pigeon shoot must state (1) the name of the person or organization sponsoring the event, (2) the date

of the proposed pigeon shoot, (3) the location of the event, and (4) the name of the owner of the property on which the pigeon shoot would be held. 17 Ill. Adm. Code § 970.20(b) (1991).

On May 11, 1992, plaintiff made a written request to the Department for copies of all applications for permits for live pigeon shoots issued by the Department after 1990. On May 18, 1992, the Department denied that request, maintaining that the information was exempt from the disclosure requirements of FOIA. Plaintiff appealed the decision to the Department Director, who denied the application. The instant litigation followed.

FOIA was enacted to provide all persons access to information regarding the affairs of the government and should be construed toward this end. (Ill. Rev. Stat. 1991, ch. 116, par. 201.) FOIA is not, however, to be used to violate individual privacy, to further commercial enterprises, or to disrupt the duly-undertaken work of any public body. (Ill. Rev. Stat. 1991, ch. 116, par. 201.) Section 7 of FOIA denotes when information is exempt from inspection or copying. (Ill. Rev. Stat. 1991, ch. 116, par. 207.) Various types of information are set forth, including (1) that which is expressly prohibited from disclosure by State or Federal laws, (2) certain types of law enforcement information, (3) trade secrets, and (4) competitive bidding information, and other similar types of information. None of those exemptions are pertinent here.

The parties agree that if the information involved here is exempt, the exemption arises from section 7(b) of FOIA, which begins with the following:

"Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to: ***." Ill. Rev. Stat. 1991, ch. 116, par. 207(b).

This court has held that the specific categories of information listed after the foregoing statement as "[i]nformation exempted" are *per se* exempt without considering the degree of invasion of privacy that might be involved or how unwarranted it might be. (*Healey v. Teachers Retirement System* (1990), 200 Ill. App. 3d 240, 243, 558 N.E.2d 766, 768-70; *Staske v. City of Champaign* (1989), 183 Ill. App. 3d 1, 5, 539 N.E.2d 747, 750.) Other courts have held that the enumerated categories in sub-subsections of section 7(b) do not create *per se* exemptions, but in each case the court must balance the privacy

aspect with the public interest in disclosure in order to determine whether a "clearly unwarranted invasion of privacy" actually occurs. (*David Blumenfeld, Ltd. v. Department of Professional Regulation* (1993), 263 Ill. App. 3d 981, 986; *Margolis v. Director of the Department of Revenue* (1989), 180 Ill. App. 3d 1084, 1089, 536 N.E.2d 827, 829-30.) We need not consider this difference in this case, because we are satisfied that the records involved here do not fit any of the specific categories of section 7(b).

Section 7(b)(iii) of FOIA sets forth, as a category of property covered by section 7(b), the following:

"files and personal information maintained with respect to any applicant, registrant or licensee by any public body cooperating with or engaged in professional or *occupational* registration, licensure or discipline." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 116, par. 207(b)(iii).)

The Department maintains that the permits sought here by the various applicants were licenses to engage in the occupation of holding a pigeon shoot. It cites this court's decision in *Copley Press, Inc. v. City of Springfield* (1986), 143 Ill. App. 3d 370, 372-73, 493 N.E.2d 127, 128. There we held that a city license to operate a tavern at a particular location was an occupational license within the meaning of section 7(b)(iii) of FOIA.

We do not agree that the status of the applicants for licenses here is analogous to that of the applicant in *Copley Press*. The word "occupation" when used other than in regard to possession of property has been defined as follows:

"That which principally takes up one's time, thought, and energies, especially, one's regular business or employment; also, whatever one follows as the means of making a livelihood. Particular business, profession, trade, or calling which engages individual's time and efforts; employment in which one regularly engages or vocation of his life." (Black's Law Dictionary 973 (5th ed. 1979).)

The activity for which a license was sought in *Copley Press*, although limited to a particular location, had a regularity and continuity to it, bringing it within the foregoing definition. The activity for which the applicants seek a license here involves only a short period of time and lacks the continuity and regularity to constitute an "occupation."

■ Accordingly, we must determine whether the information sought here comes within the general provisions of section 7(b) of FOIA because disclosure "would constitute a *clearly unwarranted* invasion of personal privacy." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 116, par. 207(b).) Making this determination requires a balancing

test weighing the four factors as follows: (1) the plaintiff's interest in disclosure; (2) the public interest in disclosure; (3) the degree of invasion of privacy; and (4) the availability of alternative means of obtaining the requested information. *CBS, Inc. v. Partee* (1990), 198 Ill. App. 3d 936, 947-48, 556 N.E.2d 648, 654-55; see also *Minnis v. United States Department of Agriculture* (9th Cir. 1984), 737 F.2d 784, 786.

■ Here, plaintiff's interest and that of the public in disclosure of merely the applications without reference to whether they were granted or denied cannot be very strong and is the weakest aspect of plaintiff's case. The Department asserts that plaintiff's motive is likely to be to solicit the applicants commercially. However, as plaintiff points out, an ulterior motive should not be presumed. In *Family Life League v. Department of Public Aid* (1986), 112 Ill. 2d 449, 493 N.E.2d 1054, the court held that the names of physicians who received medical funds for the performance of abortions were not exempt from disclosure although harassment of those physicians could be the result of disclosure.

While the interest in disclosure here is not high, neither is the interest in personal privacy. As we have indicated, section 7(b) speaks of "a clearly unwarranted invasion of personal privacy." Many other subsections of section 7 focus more upon the enhancement of the operation of government as the basis for the exemption. Moreover, the manner in which the term "personal privacy" is qualified in section 7(b) indicates that the legislature envisioned different degrees of "invasion of personal privacy": (1) an *invasion* of personal privacy; (2) an *unwarranted* invasion of personal privacy; and (3) a *clearly unwarranted invasion* of personal privacy. The latter, stricter standard to claim exemption was applicable here.

The burden was on the government agency having charge of the record, the Department, to prove exemption. (*American Federation of State, County & Municipal Employees v. County of Cook* (1990), 136 Ill. 2d 334, 343-44, 555 N.E.2d 361, 364-65.) The stipulated facts failed, as a matter of law, to meet the strict standard which required that a "clearly unwarranted invasion of personal privacy" be proved. The circuit court properly granted plaintiff the requested relief of disclosure. We affirm that judgment.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.