WAYNE COUNTY PRESS, INC., Plaintiff-Appellant, v. GEORGIA ISLE, Defendant-Appellee.

Fifth District   No. 5—93—0639

Opinion filed June 17, 1994.

Donald M. Craven, of Craven & Watson, P.C., of Springfield, for appellant.

Barry Vaughan, State's Attorney, of Fairfield (Norbert J. Goetten and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE WELCH delivered the opinion of the court:

On January 16, 1993, Wayne County Press, Inc., which publishes a newspaper in Wayne County, Illinois, brought an action under the Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 1992)) against Georgia Isle, the county clerk of Wayne County. Wayne County Press, Inc. (plaintiff), sought an order compelling Georgia Isle (defendant) to disclose or give plaintiff access to completed applications for marriage licenses.

Defendant responded that the marriage license applications were exempt from disclosure under section 7 of the Freedom of Information Act (Act) (5 ILCS 140/7 (West 1992)), as "[i]nformation

specifically prohibited from disclosure by federal or State law or rules and regulations adopted under federal or State law." The particular State law which defendant claimed prohibits the disclosure of applications for marriage licenses is the Vital Records Act (410 ILCS 535/1 *et seq.* (West 1992)). Section 24 of that act provides that access to "vital records" is limited to the custodian, in this case the county clerk, and her employees, and then only for administrative purposes. (410 ILCS 535/24 (West 1992).) The Vital Records Act makes it a Class 4 felony for any custodian of a vital record to willfully and knowingly permit inspection or copying or to disclose information contained in vital records. (410 ILCS 535/27, 24 (West 1992).) The term "vital records" is defined in the Vital Records Act as "records of births, deaths, fetal deaths, marriages, dissolution of marriages, and data related thereto." 410 ILCS 535/1 (West 1992).

Trial was held on August 25, 1993, and both parties presented evidence and argument. The dispute at trial revolved around whether applications for marriage licenses constitute a "record of marriage" or "data related thereto" so as to fall within the definition of a "vital record." The trial court took the matter under advisement. On August 30, 1993, the trial court issued its written opinion in the case. In its order, the trial court stated:

> "In interpreting the law applicable to this request, the court has noted that an assumption has been made by the plaintiff that the county clerk is obliged to provide the matters claimed to be of public record unless she is able to provide some defense why not to do so. On the contrary, it would appear that the person requesting the information appears to have the obligation to show that the material concerned is not exempt."

The court went on to find that the marriage license application does constitute a "vital record" which is exempt from disclosure under the Act, and indeed, its disclosure is prohibited by the Vital Records Act. In an order entered September 8, 1993, in which the trial court adopted and incorporated its opinion of August 30, the trial court denied the relief requested by plaintiff.

Plaintiff appeals, raising three issues for our review: (1) whether the trial court improperly shifted the burden of proof to plaintiff to prove that the information sought is not exempt from disclosure; (2) whether the trial court erred in finding that applications for marriage licenses are vital records and exempt from disclosure under the Act; and (3) whether the trial court abused its discretion in denying plaintiff's prayer for attorney fees under section 11(i) of the Act (5 ILCS 140/11(i) (West 1992)), which provides for an award of reasonable fees if the party seeking disclosure substantially prevails, the re-

cords are of clearly significant interest to the general public, and the public body lacked any reasonable basis in law for withholding the record. We agree with plaintiff that the trial court improperly shifted the burden of proof to plaintiff to prove that no exemption to disclosure applies to the information sought, because the burden is properly on defendant to prove that an exemption does apply. Accordingly, we reverse the judgment of the trial court and remand this cause to that court for consideration of the issues utilizing the proper burden of proof. In light of this disposition, we find it unnecessary to address the other arguments raised by plaintiff in this appeal.

The explicit provisions of the Act, as well as recent appellate and supreme court opinions, make it clear that a public body seeking to protect information from disclosure, and not the party seeking disclosure, bears the burden of establishing that an exemption to disclosure under the Act applies to the requested information. Section 11 of the Act provides:

"The burden shall be on the public body to establish that its refusal to permit public inspection or copying is in accordance with the provisions of this Act." (5 ILCS 140/11(f) (West 1992).)

In *American Federation of State, County & Municipal Employees v. County of Cook* (1990), 136 Ill. 2d 334, 344, 555 N.E.2d 361, 365, our supreme court noted that it is the public body's burden to establish that an exception to the disclosure requirements of the Act applies. The appellate court has repeatedly held that the burden of proof is on the public body to establish that the information in question is exempt from disclosure under the Act. (*Baudin v. City of Crystal Lake* (1989), 192 Ill. App. 3d 530, 535, 548 N.E.2d 1110, 1113; *Williams v. Klincar* (1992), 237 Ill. App. 3d 569, 572, 604 N.E.2d 986, 989; *Carbondale Convention Center, Inc. v. City of Carbondale* (1993), 245 Ill. App. 3d 474, 476-77, 614 N.E.2d 539, 541; *Schessler v. Department of Conservation* (1994), 256 Ill. App. 3d 198, 202, 627 N.E.2d 1250, 1253.) Thus, there can be no question that the public body attempting to prevent disclosure, rather than the party seeking disclosure, bears the burden of proving that the requested information is exempt from disclosure under section 7 of the Act.

Despite the clear language of the statute and the case law, the language of the court's opinion quoted above makes it clear that the trial court misunderstood the burden of proof and improperly shifted that burden to plaintiff to prove that no exemption applied. While the plaintiff did not object to this error prior to entry of the court's final order or in a post-trial motion, thus depriving the trial court of the opportunity to correct its mistake, we consider the issue as one involving plain error. See *American National Bank & Trust Co. v.*

*Bus* (1991), 212 Ill. App. 3d 133, 138-39, 569 N.E.2d 1377, 1381 (the rule of waiver is a limitation on the parties and not on the reviewing court, and a reviewing court may ignore the waiver rule if necessary to achieve a just result or to ensure the maintenance of a sound and uniform body of precedent).

Defendant argues that any error was harmless in that the trial court properly would have reached the same result even had it correctly applied the burden of proof, and reversal is therefore not required. We decline to make that determination. Instead, we remand this cause to the trial court for reconsideration of the issues with the burden of proof on defendant to prove that an exemption to disclosure under the Act does apply to a request for applications for marriage licenses. See *Greer v. Yellow Cab Co.* (1991), 221 Ill. App. 3d 908, 915, 582 N.E.2d 1292, 1297 (where a trial court's exercise of discretion has been frustrated by the application of an erroneous rule of law, remand is required to permit the exercise in a manner consistent with the law).

For the foregoing reasons, the judgment of the circuit court of Wayne County is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CHAPMAN and RARICK, JJ., concur.